06-5723-cv
Appel v. Spiridon

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2007

(Argued: June 17, 2008                                    Decided: July 2, 2008)

Docket No. 06-5723-cv

_____

ROSALIE APPEL,

*Plaintiff-Appellee,*

—v.—

CHARLES P. SPIRIDON, LINDA VADEN-GOAD, LINDA RINKER and JAMES SCHMOTTER,
*Defendants-Appellants.*

_____

B e f o r e :

JACOBS, *Chief Judge*, STRAUB, *Circuit Judge*, and CEDARBAUM, *District Judge.*[*]

_____

Appeal from an order of the United States District Court for the District of Connecticut (Stefan Underhill, *Judge*), entered on December 1, 2006, granting a preliminary injunction in favor of Plaintiff-Appellee to enjoin Defendants-Appellants from requiring her to submit to a psychological examination as a condition of employment. The District Court based the injunction on a "class of one" theory of a violation of the Equal Protection Clause of the Fourteenth Amendment. As the United States Supreme Court in *Engquist v. Oregon Department of Agriculture*, 128 S. Ct. 2146 (2008), recently held that such a theory does not apply, as here,

_____

[*] The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

in the public employment context, we reverse the District Court's order and remand for further proceedings. Reversed and remanded.

_____

JOHN R. WILLIAMS, New Haven, Connecticut, *for Plaintiff-Appellee*.

BETH Z. MARGULIES, Assistant Attorney General (Richard Blumenthal, Attorney General for the State of Connecticut, *on the brief*), Hartford, Connecticut, *for Defendants-Appellants*.

_____

PER CURIAM:

Defendants-Appellants Charles P. Spiridon, Linda Vaden-Goad, Linda Rinker and James Schmotter appeal from an order of the United States District Court for the District of Connecticut (Stefan Underhill, *Judge*) granting a preliminary injunction in favor of Plaintiff-Appellee Rosalie Appel enjoining Defendants-Appellants from requiring Appel to submit to a psychological examination in order to maintain her teaching position at Western Connecticut State University ("WCSU"). In her amended complaint, Appel asserts claims based on alleged violations of her constitutional rights under the Free Speech Clause of the First Amendment and under the Equal Protection Clause of the Fourteenth Amendment as a "class of one." The District Court granted Appel's motion for a preliminary injunction on the ground that Appel had met her burden of establishing that she would suffer irreparable harm without an injunction, that serious questions existed regarding the merits of her equal

protection claim, and that the balance of hardships tipped decidedly in her favor.[1] *See Appel v. Spiridon*, 463 F. Supp. 2d 255, 261–62, 264–66 (D. Conn. 2006).

The Supreme Court recently held that the Equal Protection Clause does not apply to a public employee asserting a violation of the Clause based on a "class of one" theory of liability. *See Engquist v. Or. Dep't of Agric.*, 128 S. Ct. 2146, 2155–57 (2008). As Appel's equal protection claim premised on this theory was the only basis for the District Court's grant of a preliminary injunction, we reverse the order of the District Court and remand the matter with instructions to vacate the order and for further proceedings. Furthermore, we overrule any existing precedent of this Court to the extent that it conflicts with the holding of *Engquist*.[2] *See, e.g.*, *Skehan v. Vill. of Mamaroneck*, 465 F.3d 96 (2d Cir. 2006); *Neilson v. D'Angelis*, 409 F.3d 100 (2d Cir 2005).

## FACTUAL AND PROCEDURAL BACKGROUND

Appel has worked as a professor of art at WCSU for over forty years, and WCSU granted her tenure in 1969. In May 2005, Appel testified on behalf of a colleague who was pursuing a claim of race discrimination before the Connecticut Commission on Human Rights. In the course of this testimony, Appel described the events of a closed September 2003 meeting of art department faculty, the purpose of which was to consider Appel's colleague's application for a position in the department.

---

[1] The District Court rejected Appel's First Amendment claim as a basis for a preliminary injunction. *See Appel v. Spiridon*, 463 F. Supp. 2d 255, 262–63 (D. Conn. 2006) ("Appel has failed to raise serious questions going to the merits of her First Amendment retaliation claim.").
[2] The text of this opinion has been circulated to all of the active judges of the Court, and there is no objection. *See, e.g., United States v. Frias*, 521 F.3d 229, 232 n.3 (2d Cir. 2008).

Several months afterward, all of the full-time members of the art department other than Appel signed a petition to Defendant-Appellant Vaden-Goad, the Dean of the School of Arts and Sciences at WCSU, in which they objected to Appel's "bullying" conduct at department meetings and her hostility toward the department chair. The petition did not mention Appel's involvement with her colleague's discrimination claim.

Pursuant to the collective bargaining agreement applicable to Appel, Vaden-Goad convened a special assessment committee ("SAC") to evaluate Appel's conduct and develop an action plan to address any problems. After several months of investigation, the SAC issued its findings in an April 2006 report. The report described some of Appel's conduct as "bordering on bullying" and concluded that Appel's service was "significantly limited by her apparent inability to work with her colleagues." The report also set forth several recommendations pertaining to Appel's job performance, such as changes to Appel's course syllabi and the articulation of professional boundaries when interacting with students. The SAC also recommended that Appel be given an "in-depth pscyhological assessment" because the SAC was uncertain whether Appel had the ability to control her own behavior consistently. After providing Appel with an opportunity to respond to these recommendations, the SAC issued a remediation plan in June 2006 to identify specific steps to improve Appel's job performance, including the psychological assessment.

Shortly thereafter, Vaden-Goad sought to meet with Appel to discuss the remediation plan, but Appel refused to do so. In addition, Defendant-Appellant Spiridon, the Dean of Human Resources at WCSU, wrote to Appel to inform her of the necessity of her compliance with the psychological assessment recommendation of the remediation plan. On July 31,

2006, Appel filed her complaint in the District Court.

On September 5, 2006, Appel met with Spiridon and Defendant-Appellant Rinker, the Provost and Vice President for Academic Affairs at WCSU, but refused to discuss the remediation plan. After the meeting, Rinker decided to suspend Appel, as of September 14, 2006, without pay due to her failure to undergo the psychological assessment. It appears undisputed that Appel is the only WCSU faculty member ordered to undergo an involuntary psychological examination in order to continue teaching and receiving pay and benefits at WCSU.

Before the District Court, Appel filed a motion for a preliminary injunction to prohibit Defendants-Appellants from suspending her without pay for refusing to submit to a psychological examination. On December 1, 2006, the District Court granted the motion based on Appel's equal protection claim under a "class of one" theory. *See Appel*, 463 F. Supp. 2d at 266–67.

Defendants-Appellants timely filed notice of this appeal.

## DISCUSSION

The Supreme Court first recognized a claim based upon an alleged violation of the Equal Protection Clause of the Fourteenth Amendment under a "class of one" theory in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam). In that case, the plaintiff argued that a municipality's demand for a larger than usual easement in exchange for connecting her property to the municipal water supply violated her rights under the Equal Protection Clause by treating her differently from all other similarly situated individuals. *See*

*id*. at 563. The District Court had dismissed the action for failure to state a claim, and the Seventh Circuit reversed. *See id*. at 563–64. The Supreme Court concluded that the plaintiff's allegation that the municipal conduct was "irrational and wholly arbitrary" stated a claim for a constitutional violation under the Equal Protection Clause. *See id*. at 565. Since *Olech*, we have recognized such "class of one" liability in the public employment context. *See, e.g.*, *Skehan*, 465 F.3d at 110; *Neilson*, 409 F.3d at 104.

Recently, the Supreme Court held that the Equal Protection Clause does not apply to a public employee asserting a violation of the Clause under a "class of one" theory. *See Engquist*, 128 S. Ct. at 2155–57. As this theory served as the only basis for the equal protection analysis underlying the District Court's grant of a preliminary injunction in favor of Appel, we reverse the order of the District Court. In addition, we overrule any precedent of this Circuit to the extent that it conflicts with the holding of *Enquist*. *See, e.g.*, *Skehan*, 465 F.3d at 110; *Neilson*, 409 F.3d at 104.

**CONCLUSION**

For the foregoing reasons, we REVERSE the order of the District Court granting a preliminary injunction in favor of Plaintiff-Appellee and REMAND the case with instructions to vacate the order and for further proceedings.