SUMMARY ORDER
The plaintiff Anthony Skiff is highly educated. He began a second career as a social studies teacher at a public high school in Colchester, Connecticut. After four years of teaching, and mixed and sometimes failing evaluations, the school declined to renew his contract. Skiff brings a constellation of claims, including claims based on the Age Discrimination in Employment Act (“ADEA”), 29 U.S.C. § 621 et seq., and the Equal Protection Clause. Following discovery, the defendants moved for summary judgment on all counts. The United States District Court for the District of Connecticut (Janet Bond Arterton, Judge) granted defendants’ motion in its entirety, dismissing Skiffs lawsuit. Skiff v. Colchester Bd. of Educ., 514 F.Supp.2d 284 (D.Conn.2007). Skiff appeals.
We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented on this appeal. “We review the District Court’s grant of summary judgment de novo.” Sledge v. Kooi, 556 F.8d 137, 140 (2d Cir. 2009). “Summary judgment is warranted when, after construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact.” Id.
Skiff has conceded that his “class-of-one” claim is foreclosed by the Supreme Court’s decision in Engquist v. Oregon Department of Agriculture, - U.S. -, 128 S.Ct. 2146, 2155-57, 170 L.Ed.2d 975 (2008); see also Appel v. Spiridon, 531 F.3d 138, 139 (2d Cir.2008).
We address Skiffs ADEA claim keeping in mind that Skiff has conceded that the success of his remaining equal protection claim depends on the success of his ADEA claim. For substantially the reasons stated by the district court, we affirm the grant of summary judgment as to this claim. Even if we were to assume that Skiff presented a prima facie case of age discrimination, we would conclude that the defendants introduced evidence which, taken as true, would demonstrate that they had legitimate non-discriminatory reasons for their decision not to renew Skiffs contract. Further we conclude that Skiff failed to put forth evidence sufficient to avoid summary judgment on the issue of whether the proffered explanations for the non-renewal were pretextual. See D’Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 195 (2d Cir.2007). As we have often noted, the role of the courts “is to prevent unlawful hiring practices, not to act as a ‘super personnel department’ that second guesses employers’ business judgments.” Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 103 (2d Cir.2001).
We have carefully reviewed Skiffs remaining arguments and find them to be without merit.
*85 For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.