Keith HOOVER, Plaintiff–Appellant,

v.

COUNTY OF BROOME, David E. Harder, Individually and in his Official Capacity as Broome County Sheriff, Gary O'Neill, Individually and in his Official Capacity as Broome County Undersheriff, Kevin Moore, Individually and in his Official Capacity as Deputy Administrator of the Broome County Correctional Facility, Mark Smolinsky, Individually and in his Official Capacity as Administrator of the Broome County Correctional Facility, joseph sluzar, Individually and in his Official Capacity as Deputy Administrator of Broome Attorney, Thomas Behan, Individually and in his Official Capacity as Director of Personnel for the County of Broome, Robert K. Irwin, Christopher Guinan, Ronald Evans, Ronald Castellano, Wesley Shear, Anthony Rando, Stephen Barlow, James Borchardt, David Skuban, Joseph Jellick, Steven Tennant, Frank Coppola, Mark Discoll, and Paul Mistretta, Correctional Officers for the Broome County Correctional Facility, Defendants–Appellees.

No. 08–2338–cv.

United States Court of Appeals, Second Circuit.

Aug. 3, 2009.

Ronald R. Benjamin, Binghamton, NY, for appellant.

Aaron J. Marcus, Broome County Attorney's Office, Binghamton, NY, for Appellees.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER Circuit Judges, and DAVID G. TRAGER,[1] District Judge.

## SUMMARY ORDER

Plaintiff-appellant Keith Hoover appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), granting defendants-appellees' motion for summary judgment. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

---

1. The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

While the district court rejected Hoover's First Amendment claim on the ground that his speech was made "pursuant to official duties," *Garcetti v. Ceballos,* 547 U.S. 410, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), we are "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied," *United States v. Yousef,* 327 F.3d 56, 156 (2d Cir.2003) (quotation marks omitted). In order to establish a First Amendment retaliation claim, Hoover must prove that "(1) his speech was constitutionally protected, (2) he suffered an adverse employment decision, and (3) a causal connection exists between his speech and the adverse employment determination against him, so that it can be said that his speech was a motivating factor in the determination." *Gorman–Bakos v. Cornell Co-op Extension of Schenectady County,* 252 F.3d 545, 553 (2d Cir.2001) (quotation marks omitted). Even if the required showing is made, there is no liability if defendants prove that they "would have taken the same adverse action regardless of the speech." *Skehan v. Vill. of Mamaroneck,* 465 F.3d 96, 106 (2d Cir.2006), *overruled on other grounds as stated in Appel v. Spiridon,* 531 F.3d 138, 141 (2d Cir. 2008) (per curiam).

■■ Hoover has failed to create a triable issue of fact with regard to whether he suffered an adverse employment action. "In the context of a First Amendment retaliation claim, we have held that only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action." *Zelnik v. Fashion Inst. of Tech.,* 464 F.3d 217, 225 (2d Cir.2006) (quotation marks and alteration omitted). Retaliatory harassment can reach a "critical mass" of frequency and severity as to constitute an adverse employment action. *See Phillips v. Bowen,* 278 F.3d 103, 109 (2d Cir. 2002). Hoover claims that, following his reports that corrections officers used excessive force on an inmate, he was subject to hostile treatment by co-workers. But the record is largely devoid of specific instances of such mistreatment, and cannot support a finding that there was "a pattern of nearly constant harassment." *See id.* Although inferences must be drawn in favor of the nonmoving party on a motion for summary judgment, "[t]he non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998). Therefore, we find no reasonable jury could conclude that Hoover's speech was deterred based on his conclusory allegations. Hoover also asserts that disciplinary charges filed against him were in retaliation for his reports of excessive force by the corrections officers. Even assuming Hoover's disclosures could be viewed as "a motivating factor" for the timing of the charges, *Skehan,* 465 F.3d at 106, Hoover ultimately admitted that his use of force on the inmate was improper and accepted a three-day suspension without pay. We find that Hoover's admission to wrongdoing when confronted with the charges establishes that defendants "would have taken the same adverse action regardless of the speech." *See id.*

■ The district court also rejected Hoover's claim that he was subject to a constructive discharge in violation of the Due Process Clause. Hoover alleges that he was forced to take a leave of absence due to hostile treatment at work. While the district court assumed that Hoover suffered a constructive discharge for purposes of this claim, we find the record insufficient "to permit a rational trier of fact to infer that the employer deliberately

created working conditions that were so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Stetson v. NYNEX Serv. Co.,* 995 F.2d 355, 361 (2d Cir.1993) (quotation marks omitted). Even assuming the evidence could support the inference that Hoover suffered a constructive discharge, we agree with the district court that Hoover would not be entitled to a pre-deprivation remedy for the constructive discharge. *Cf. Giglio v. Dunn,* 732 F.2d 1133, 1135 (2d Cir.1984) (finding that only a post-deprivation remedy was practical where the employee alleged a coerced resignation). Having failed to utilize the adequate post-deprivation remedy of an Article 78 proceeding, *see Rivera–Powell v. N.Y. City Bd. of Elections,* 470 F.3d 458, 465–66 (2d Cir.2006), Hoover's claim is without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.