SUMMARY ORDER

Plaintiff-Appellant Luis M. Roman appeals from a judgment of the United States District Court for the Northern *663 District of New York (Sharpe, J.). The district court dismissed Roman’s complaint against officials at Bare Hill Correctional Facility, where Roman is incarcerated, alleging due process, Eighth Amendment, and equal protection violations related to the denial of Roman’s request to visit the deathbed and the funeral of his wife. We assume the parties’ familiarity with the facts, proceedings below, and specification of appellate issues.
‘We review de novo a district court’s dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002). To survive a motion to dismiss, the complaint must plead “enough facts to state a claim to relief that is plausible on its face.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While pro se complaints must contain sufficient factual allegations to meet the plausibility standard, we read them with “special solicitude” and interpret them “to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir.2006) (citation and internal quotation marks omitted).
Roman’s arguments on appeal are limited to his equal protection claim. He asserts that other inmates have been allowed to visit sick and dying relatives when he has not been permitted to do so. A plaintiff raising a selective treatment claim must show that he was treated differently from other similarly-situated individuals and that the differential treatment was based on impermissible considerations. See Skehan v. Village of Mamaroneck, 465 F.3d 96, 110 (2d Cir.2006), overruled on other grounds by Appel v. Spiridon, 531 F.3d 138 (2d Cir.2008). We agree with the district court that Roman has failed to plead that his selective treatment was based on impermissible considerations. Roman has not established that he is a member of a protected class, nor has he established an equal protection violation under a ‘class of one’ theory. See Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir.2006).
For the foregoing reasons, the judgment of the district court is AFFIRMED.