SUMMARY ORDER
Kenneth Kamholtz (“appellant”) seeks review of a December 3, 2008 order and decision of the Western District of New York granting defendants’ motion to dismiss under Fed R. Civ. P. 12(b)(6). On appeal, appellant asserts that the district court erred in dismissing each of his four claims under 42 U.S.C. § 1983: first amendment retaliation, selective enforcement as a denial of equal protection, malicious prosecution, and municipal liability. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
To survive a motion to dismiss, the pleading must contain a “short and plain statement ... that the pleader is entitled to relief.” Fed.R.Civ.P. 8(a)(2). This need not include detailed factual allegations, but must “contain sufficient factual matter ... to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, — U.S. —, —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). We review a motion to dismiss under Rule 12(b)(6) de novo, accepting all factual statements as *591 true. Scutti Enter. v. Park Place Entm’t Corp., 322 F.3d 211, 214 (2d Cir.2003). However, “mere conclusory statements” are insufficient, and we need not accept legal conclusions as true. Iqbal, 129 S.Ct. at 1949-50.
To state a claim under Section 1983, plaintiff must allege: 1. That the challenged conduct was attributable to someone acting under the color of state law, and, 2. That such conduct deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. Rand, v. Perales, 737 F.2d 257, 260 (2d Cir.1984). Appellees were acting under the color of state law, so the only issue is whether appellant has shown that he was deprived of a right under Section 1983.
1. First Amendment retaliation:
To establish a First Amendment retaliation claim, appellant must allege: 1. That he engaged in constitutionally protected speech, which for public employees is limited to speech as a citizen on a matter of public concern, 2. That he suffered an adverse employment action, and, 3. That the speech was a “motivating factor” in that adverse action. Garcetti v. Ceballos, 547 U.S. 410, 418, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006); Skehan v. Village of Mamaroneck, 465 F.3d 96, 106 (2d Cir. 2006), overruled on other grounds by Appel v. Spiridon, 531 F.3d 138 (2d Cir.2008). The district court found that appellant failed to state a claim because the alleged facts showed that his speech was not a matter of public concern, and we affirm. Appellant’s statements were about preparing his police reports—a matter directly related to his work as an investigating officer. See Garcetti, 547 U.S. at 421, 126 S.Ct. 1951.
2. Equal Protection:
For a claim of selective enforcement, plaintiff must allege: 1. That compared with others similarly situated, he was selectively treated; and 2. Such selective treatment is based on impermissible considerations such as “race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.” LaTrieste Rest. & Cabaret Inc. v. Village of Port Chester, 40 F.3d 587, 590 (2d Cir.1994) (quoting LeClair v. Saunders, 627 F.2d 606, 609 (2d Cir.1980)); see also Goldfarb v. Town of W. Hartford, 474 F.Supp.2d 356, 368 (D.Conn.2007) (“[Djemonstrating that a plaintiff has been treated differently is the sine qua non of a LeClair ‘selective enforcement’ violation.”) (citation omitted). Appellant failed to allege any facts showing that he was treated differently than others similarly situated; in fact, appellant failed to compare his situation to that of anyone else. Thus, even assuming that appellant, a public employee, is not precluded from pursuing a selective enforcement claim, see Engquist v. Or. Dep’t of Agric., 553 U.S. 591, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008), he nevertheless has failed to sufficiently state his claim.
3.Malicious Prosecution:
Under New York State law, plaintiff must allege four elements to state a claim of malicious prosecution: 1. The defendant initiated a prosecution against plaintiff, 2. Without probable cause to believe the proceeding could succeed, 3. The proceeding was begun with malice and, 4. The matter terminated in plaintiffs favor. Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir.1997). The district court found that appellant both failed to sufficiently allege a lack of probable cause, and that the case was terminated in his favor. We affirm.
Appellant argues that the district judge improperly converted the motion to dismiss under 12(b)(6) to a motion for sum *592 mary judgment under Rule 56 by considering two witness affidavits, which contradicted appellant’s complaint. See Fed.R.Civ.P. 12(d) (“If, on a motion under Rule 12(b)(6) ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.”). The district court, however, correctly found that the two affidavits were incorporated into the complaint by reference. Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir.2000) (noting that the complaint includes “any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.”). Documents “plaintiffs either possessed or knew about and upon which they relied in bringing the suit” may be incorporated. Id.; see also Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir.1991) (“[Wjhen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] ... which is integral to the complaint, the defendant may produce [it] when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure.”). When the plaintiff has “actual notice of all the information in the movant’s papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.” Cortec Indus., 949 F.2d at 48.
Appellant’s complaint references both affidavits, and appellant was clearly on notice of their existence. Defendants were thus entitled to produce the affidavits when attacking appellant’s complaint for its failure to state a claim, and the district court properly considered the affidavits when dismissing appellant’s malicious prosecution claim.
4. Municipal Liability:
As we find that there was no constitutional deprivation of appellant’s rights, his claims of municipal liability necessarily fail.
We have considered appellant’s other arguments and find them to be without merit.
Accordingly, the judgment of the district court hereby is AFFIRMED.