09-4174-cv
Mattison v. Black Point Beach Club Assoc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of May, two thousand ten.

PRESENT:  JON O. NEWMAN,
              REENA RAGGI,
              PETER W. HALL,
                  *Circuit Judges*,

-----------------------------------------------------------------------

FRANCES L. MATTISON,
              *Plaintiff-Appellant*,

          v.                             No. 09-4174-cv

BLACK POINT BEACH CLUB ASSOC., ANDREW McKIRDY, and ANITA SCHEPKER,
              *Defendants-Appellees*,

MARIANNE O'NEILL, and CHARLES BECKHAM II,
              *Defendants*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:      THOMAS J. LONDREGAN (Patrick J. Day, *on the brief*), Conway & Londregan, P.C., New London, Connecticut.

APPEARING FOR APPELLEES:      RALPH W. JOHNSON III (James J. Szerejko, *on the brief*), Halloran & Sage LLP, Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Robert N. Chatigny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 14, 2009, is AFFIRMED.

Plaintiff Frances L. Mattison appeals from an award of summary judgment in favor of defendants Black Point Beach Association, Andrew McKirdy, and Anita Schepker (collectively, "the Association") on her claim under 42 U.S.C. § 1983 that the Association denied her request for an easement in violation of the Equal Protection Clause of the Fourteenth Amendment. We review de novo an award of summary judgment and will affirm only if the record, viewed in the light most favorable to the non-moving party, reveals no genuine issue as to any material fact and the moving party's entitlement to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Aulicino v. N.Y. City Dep't of Homeless Servs., 580 F.3d 73, 79-80 (2d Cir. 2009). In applying this standard, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Plaintiff's "class-of-one" equal protection claim alleges that the Association unlawfully singled her out for arbitrary treatment when, in 2006, it denied her request for an easement over South Trail, a "paper street" owned by the Association, after granting an easement to the owner of a similarly situated property (the "Van Slyck property") in 1997. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (recognizing that plaintiff

2

states valid class-of-one equal protection claim where she "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment"). Plaintiff asserts error in the district court's conclusion that she failed, as a matter of law, to establish that her property and the Van Slyck property were sufficiently similar to support her claim. We are not persuaded.

A class-of-one plaintiff must show, among other things, "an extremely high degree of similarity" between herself and alleged comparators in order to succeed on an equal protection claim. Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006); accord Doninger v. Niehoff, 527 F.3d 41, 53 (2d Cir. 2008). To succeed on such a claim, the plaintiff must demonstrate that (1) "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy," and (2) "the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." Clubside, Inc. v. Valentin, 468 F.3d at 159 (internal quotation marks omitted).

Here, the district court found, and plaintiff does not dispute, that the Van Slyck property was landlocked, i.e., it had no access to public roads, when the Association granted its owner an easement. By contrast, plaintiff's property was not landlocked at the time she requested an easement. Like the district court, we conclude that this difference alone precludes a reasonable person from finding that plaintiff and her comparator are similarly

3

situated.  See Clubside, Inc. v. Valentin, 468 F.3d at 159; see also Cordi-Allen v. Conlon, 494 F.3d 245, 251 (1st Cir. 2007) ("The 'similarly situated' requirement must be enforced with particular rigor in the land-use context because zoning decisions 'will often, perhaps almost always, treat one landowner differently from another.'" (quoting Village of Willowbrook v. Olech, 528 U.S. at 565 (Breyer, J., concurring))).  Indeed, the record reflects the Association's concern that denying the Van Slyck easement might provoke legal action seeking an easement by necessity in light of the property's landlocked status.  No such concern was raised a decade later by plaintiff's request.  See Neilson v. D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005) (observing that level of similarity must be sufficient to support inference that "plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose – whether personal or otherwise – is all but certain"), overruled on other grounds by Appel v. Spiridon, 531 F.3d 138 (2d Cir. 2008).

Plaintiff does not dispute these facts.  Rather, she argues that the district court should have compared the Van Slyck property to a one-acre lot plaintiff planned to split from her 4.5-acre property, not to the undivided whole.  The planned one-acre lot was landlocked, plaintiff argues, and therefore "was not only 'similarly situated' – it was identical to the [Van Slyck] property."  Appellant's Br. at 9.  The argument fails because, whatever rights plaintiff may have had to split the property at some point in the future, the landlocked parcel she

4

describes on appeal did not exist at the time of her request for an easement or, so far as the record indicates, at any point during the proceedings below or on appeal.

On this record, the district court properly concluded that plaintiff failed, as a matter of law, to demonstrate that she and the owner of the Van Slyck property were similarly situated to the degree necessary to support a class-of-one claim. Because we conclude that plaintiff's claim fails on this ground, we, like the district court, need not determine whether the Association's denial of plaintiff's request constituted state action.

We have considered plaintiff's remaining arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5