IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2012-NMCA-019

Filing Date: December 28, 2011

Docket No. 30,234

GLENDA GENTRY,

        Petitioner,

v.

TIMBERON WATER AND SANITATION
DISTRICT DIRECTOR ARDEN SHUG, in
his official and individual capacity; DIRECTOR
JOE MAINELLO, in his official and individual
capacity; DIRECTOR RICHARD DYSART, in
his official and individual capacity; DIRECTOR
JACK DOLL, in his official and individual capacity;
GENERAL MANAGER MARTIN MOORE, in
his official and individual capacity; and
SECRETARY YVONNE ROSS, in her official and
individual capacity,

        Respondents-Appellees,

v.

DIRECTOR VIRGIL BEAGLES,

        Intervenor-Appellant.

APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
Sandra A. Grisham, District Judge

Hinkle, Hensley, Shanor & Martin, L.L.P.
Andrew J. Cloutier
Chelsea R. Green
Roswell, NM

for Respondents-Appellees

1

J. Robert Beauvais, P.A.
J. Robert Beauvais
Ruidoso, NM

for Intervenor-Appellant

**OPINION**

**BUSTAMANTE, Judge.**

**{1}**     This case began as an election contest filed by Glenda Gentry against the Timberon Water and Sanitation District (TWSD), but has now evolved into a fight about who should pay for the costs incurred by the winner of the election in defending the election result. Virgil Beagles—who won the election but was not joined in the action filed by Gentry—intervened on his own behalf.  Gentry's case was eventually dismissed when she failed to appear at trial.  In the meantime, however, Beagles filed a cross-claim against TWSD asserting a contract action and a novel class-of-one equal protection theory after TWSD refused to pay the legal fees he incurred in defending his seat.  The district court denied Beagles' claim for legal fees.  We affirm.

**I.     BACKGROUND**

**{2}**     Beagles defeated Gentry in a special election held by the TWSD.  On October 22, 2008, Gentry petitioned to invalidate the special election, asserting violations of the TWSD bylaws and the election code.  The petition named the board members of the TWSD in their individual and official capacities as parties, but it did not include Beagles as a party.  Gentry and her attorney received a demand that Beagles be added to the complaint, but Gentry refused to amend the complaint even though, pursuant to NMSA 1978, Section 1-14-1 (1969), and Rule 1-087(C) NMRA, Beagles was arguably a required party to the election contest action.

**{3}**     On November 10, 2008, before TWSD filed an answer, Beagles filed a motion to intervene, to dismiss, for judgment on the pleadings, and for sanctions.  Before he was accepted as a party, Beagles filed various motions to excuse judges and for discovery and otherwise acted as if he were a party.  In addition, two judges  recused themselves from the case.  The motion to intervene was granted on June 11, 2009, and on July 8, 2009, Beagles filed his answer and cross-claim against TWSD. Count I of the cross-claim asserted a breach of contract claim against TWSD based on its formally adopted policy concerning the "need to indemnify the Directors . . . against pending and threatened litigation in their official capacity as well as individual capacity, arising out of, or secondary to ongoing litigation." It appears that Beagles did not pursue the breach of contract theory below.  Instead, he appears to have used the existence and terms of the indemnification policy to support his equal protection claim in Count II of the cross-claim.  Count II of the cross-claim alleged

that TWSD violated Beagles' equal protection rights by not providing him representation and that Beagles was entitled to attorney fees pursuant to 42 U.S.C. § 1988 (2006).

**{4}** Beagles also made repeated demands on TWSD to provide him with legal representation in the litigation in his official and personal capacity. The requests were denied. Both the general counsel for TWSD and the firm hired to represent TWSD in the litigation declined Beagles' demand, citing conflicts of interest. Beagles confirmed at trial, and the district court found, that he had a conflict of interest with the firm representing TWSD in the litigation. The district court also found that Beagles "had a reasonable good faith belief TWSD might settle the litigation by agreeing to a new election without his interests being represented prior to the time he filed his motion to intervene."

**{5}** The hearing on the merits of the case was held on November 3, 2009. Gentry did not appear and did not put on a case, and the district court dismissed her case with prejudice. All that remained at that point was Beagles' claims against TWSD. After hearing testimony about when TWSD had paid for legal fees for board members in the past, the district court ruled against Beagles.

## II.    DISCUSSION

**{6}** Though difficult to parse, we glean three arguments from Beagles' briefs: (1) that TWSD's refusal to pay his legal fees violates the Equal Protection Clause, U.S. Const. Amend. XIV, § 1; (2) that the district court erred in adopting or rejecting certain proposed findings of fact; and (3) that the district court erred in denying attorney fees Beagles incurred pursuing his equal protection claim. Though dealt with separately by Beagles, the first two arguments are inextricably intertwined. We will address class-of-one equal protection claims descriptively and then determine whether the district court applied the concept correctly in light of the facts it found. This latter discussion necessarily includes consideration of whether there is substantial evidence to support the district court's findings of fact.

**{7}** We note as a prefatory matter that the district court accepted Beagles' notion of class-of-one equal protection. Beagles thus does not argue that the district court refused to accept his legal theory. Further, TWSD did not argue below, and does not argue here, that class-of-one equal protection claims should not be recognized by New Mexico. As such, we see no reason not to accept the concept as part of New Mexico's law.

### A.    Class-of-One Equal Protection Claims

**{8}** An equal protection claim arises when a state actor treats similarly situated groups or persons differently. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) ("The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike."). The first step in an equal protection challenge is to select

3

the appropriate level of scrutiny. *See Wagner v. AGW Consultants*, 2005-NMSC-016, ¶ 12, 137 N.M. 734, 114 P.3d 1050.

> If legislation impacts important but not fundamental rights, or sensitive but not suspect classifications, intermediate scrutiny is warranted and we require the [s]tate to demonstrate that the law is substantially related to an important government purpose. If a law draws suspect classifications or impacts fundamental rights, we apply strict scrutiny and require the [s]tate to demonstrate that the provision at issue is closely tailored to a compelling government purpose.

*Id.* (footnote omitted) (citation omitted). Otherwise, rational basis scrutiny applies, and the law or action is valid so long as it is "rationally related to a legitimate government purpose." *Id.*

**{9}**     The Supreme Court acknowledged the class-of-one equal protection theory in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). A class-of-one suit exists when "[a] plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 564. Perhaps sensitive to Justice Breyer's warning that class-of-one claims had the potential to turn "ordinary violations of city or state law into violations of the Constitution," *Id.* at 565 (Breyer, J., concurring in the result), courts have proceeded cautiously in allowing class-of-one claims. The two elements that must be proven are (1) that "a public official inflicts a cost or burden on one person without imposing it on those who are similarly situated in material respects," and (2) that there is no "conceivable basis other than a wholly illegitimate motive" for the official's actions. *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1209 (10th Cir. 2006). The Tenth Circuit has further noted that a showing that similarly situated persons were treated differently is "especially important in class-of-one cases." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1213 (10th Cir. 2004). Similarly, the Second Circuit observed that "[i]n order to succeed on a 'class of one' claim, the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high." *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005), *overruled on other grounds by Appel v. Spiridon*, 531 F.3d 138, 139-40 (2d Cir. 2008) (per curiam).

**{10}**     To conclude that Beagles "ha[d] not presented evidence sufficient to satisfy his burden in a class-of-one case," the district court was required to find either (1) that Beagles was not similarly situated to others who had been indemnified by TWSD in the past; or (2) that it was reasonable for TWSD to decline to indemnify a board member who had not been sued, but who instead chose to intervene. The court concluded that TWSD's decision not to pay Beagles' attorney fees was "not wholly arbitrary." We agree.

**{11}**     It is clear that claimants relying on a class-of-one theory shoulder a heavy burden of production as to both similarity of circumstance and rationality of motive. Beagles has

4

acknowledged the nature of his burden in his briefing in this Court. Beagles focuses on two circumstances that he argues prove that he was similarly situated to other TWSD elected and appointed officers. First, Beagles points out that, when he filed a previous election contest against Gentry, TWSD paid for his trial expenses. Second, Beagles points out that TWSD indemnified the board members named as defendants in this case.

{12} The district court accepted Beagles' assertions of factual similarity, at least in part, but refused to agree that the similarities were sufficient to result in an equal protection violation. For example, the district court found that in the prior election contest, TWSD paid an attorney to represent all the defendants—including Gentry—in their official and individual capacities through the trial stages of the contest. In that prior case TWSD lost and was ordered to hold a special election between Gentry and Beagles. TWSD decided to comply with the order rather than appeal. Gentry, however, sought to appeal individually. TWSD refused to pay Gentry's fees for the appeal. The district court also concluded that Beagles was not similarly situated to the indemnified board members in this case because, unlike them, he was never sued, but nevertheless chose to intervene on his own. There is no question that the factual distinctions noted by the district court are accurate.

{13} The question is whether the legal distinctions the court drew are appropriate. We agree with the district court's ruling that Beagles' action set him apart from the other directors in this case and in the previous matter and made his situation dissimilar. The district court concluded that TWSD reasonably paid fees for directors and officers when their interests were aligned with TWSD's and reasonably refused to pay such fees when TWSD's interests diverged from that of its officers and directors. The district court's diversion of interests concept encompasses in a straightforward manner TWSD's refusal to pay Gentry's appellate fees when TWSD decided not to appeal in the earlier case. The district court's application of its diversion of interests concept to the payment of trial level fees is more subtle, but we agree with it also.

{14} The district court found that TWSD's refusal to pay Beagles' "fees in this case is similar to its treatment of Gentry in her individual appeal." The district court also found that "Beagles pursued his personal interests and own litigation strategy by intervening, excusing Judge Wilson, and filing other motions and did not coordinate with or even communicate in advance with the [d]istrict and other [r]espondents." The district court also found that "Beagles did not ascertain whether the [d]istrict would answer or defend the suit before intervening." The record supports the district court's findings that Beagles did not communicate with TWSD's counsel about its litigation strategy either before he intervened or after.

{15} The parties agree, and the district court concluded, that Beagles was a necessary party and that Gentry's case would have been dismissed had she not joined Beagles as a

defendant.[1] At trial, TWSD indicated that it would have been happy to win the case in this manner. A dismissal would have meant that Beagles' seat on the board was no longer contested. Both Beagles and TWSD should therefore have been against intervention. Though Beagles feared that if he did not intervene the parties might reach a settlement requiring a new election, he did not bother to inquire whether TWSD would assert the failure to join a necessary party as a defense before he intervened.

**{16}** The district court's ruling was bolstered by its findings that many of the legal fees incurred by Beagles were for unnecessary or unreasonable tactics—tactics that apparently only caused delay and expense for TWSD. Even if Beagles had been similarly situated, for example as a named defendant to this suit, his decisions to pursue tactics contrary to the interests of TWSD were adequate to provide a rational basis for TWSD to treat him differently. We therefore affirm the district court's decision denying Beagles' equal protection claim.

**B.      Attorney Fees**

**{17}** Beagles' final argument is that the district court abused its discretion in denying his attorney fees under § 1988. Section 1988 allows a prevailing party to recover reasonable attorney fees for proceedings successfully brought under § 1983. § 1988(b). Because Beagles has not prevailed, he is not entitled to attorney fees.

**III.      CONCLUSION**

**{18}** For the foregoing reasons, we affirm the district court.

**{19}      IT IS SO ORDERED.**

 

**MICHAEL D. BUSTAMANTE, Judge**

 

**WE CONCUR:**

 

**CELIA FOY CASTILLO, Chief Judge**

---

[1]The relevant rule states only that "[t]he party against whom the action is filed shall be known as the contestee." Rule 1-087(C). We express no opinion as to whether Beagles was a required party.

**CYNTHIA A. FRY, Judge**

**Topic Index for** *Gentry v. Timberon Water & Sanitation*, **No. 30,234**

**AE**          **APPEAL AND ERROR**
AE-SB      Substantial or Sufficient Evidence

**AT**          **ATTORNEYS**
AT-FG      Fees, General

**CT**          **CONSTITUTIONAL LAW**
CT-EP      Equal Protection

**GV**          **GOVERNMENT**
GV-EL      Elections