11-70-cv
Kaplan v. Crisafi

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
>> **Chief Judge**,
> RALPH K. WINTER,
> REENA RAGGI,
>> **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X

Matthew D'Olimpio,
> **Plaintiff**,

Michael Kaplan,
> **Plaintiff-Appellant**,

-v.-                                            11-70-cv

Louis Crisafi, in his individual capacity; Brendan Vallely, in his individual capacity; Thomas D'Amicantonio, in his individual capacity; James Giglio, in his individual capacity; Michael Moffett, in his individual capacity; Paul Nadel, in his individual capacity; Jennifer Treacy, in her individual capacity; Kenneth Post, in his

1

**individual capacity; Timothy Dewey, in his individual capacity,**

**Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF-APPELLANT:** James B. LeBow, LeBow and Associates, PLLC, New York, NY.

**FOR DEFENDANTS-APPELLEES:** Robert C. Weisz, Assistant Solicitor General, New York, NY (Eric T. Schneiderman, Attorney General of the State of New York; Barbara Underwood, Solicitor General; and Michael S. Belohlavek, Senior Counsel, on the brief).

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant, Michael Kaplan, appeals the District Court's decision dismissing his suit, which alleged that he was retaliated against in violation of the First Amendment for reporting supposed misconduct by his supervising officer, Louis Crisafi. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

This Court reviews de novo a district court's dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fowlkes v. Adamec, 432 F.3d 90, 95 (2d Cir. 2005).

"In order to establish a First Amendment retaliation claim, plaintiffs must prove that: (1) they engaged in constitutionally protected speech because they spoke as citizens on a matter of public concern; (2) they suffered an adverse employment action; and (3) the speech was a 'motivating factor' in the adverse employment decision." Skehan v. Vill. of Mamaroneck, 465 F.3d 96, 106 (2d Cir. 2006), overruled on other grounds as recognized in Appel v. Spiridon, 531 F.3d 138, 139-40 (2d Cir. 2008) (per curiam).

The first element conforms to the Supreme Court's instruction "that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti v. Ceballos, 547 U.S. 410, 421 (2006). "The controlling factor" is whether the plaintiff's "expressions were made pursuant to his [employment] duties." Id. An expression is pursuant to one's employment duty (and thus unprotected by the First Amendment), if it is "in furtherance of one of his core

3

duties," Weintraub v. Bd. of Educ., 593 F.3d 196, 198 (2d Cir. 2010), "part-and-parcel of his concerns about his ability to properly execute his duties," id. at 203, or "'speech that owes its existence to a public employee's professional responsibilities," id. at 201 (quoting Garcetti, 547 U.S. at 421).

Kaplan's appeal "has focused on his complaints to the Inspector General and the retaliation that ensued thereafter," Kaplan Reply Br. at 7, but Kaplan's reporting to the Inspector General was part of his employment duties. Under Section 55(1) of New York Executive Law, a state employee such as Kaplan

> shall report promptly to the state inspector general any information concerning corruption, fraud, criminal activity, conflicts of interest or abuse by another state officer or employee relating to his or her office or employment . . . . The knowing failure of any officer or employee to so report shall be cause for removal from office or employment or other appropriate penalty.

Kaplan's complaints regarding Crisafi are in those categories. For example, Kaplan reported that Crisafi was purposely violating suspects' constitutional rights, a federal crime (see 18 U.S.C. § 242); Kaplan claimed that

4

Crisafi obtained his state job by misrepresenting his credentials (i.e., fraud); and Kaplan reported that Crisafi had improperly placed police lights and a siren on his personal vehicle and was working other jobs during business hours (i.e., corruption and abuse of office).

Finally, Kaplan reported that Crisafi was ordering or taking part in ill-conceived arrests, searches, and undercover operations and abusing prescription narcotics. Speech that is "part-and-parcel of [an employee's] concerns about his ability to properly execute his duties" is the speech of a public employee pursuant to his duties and not of a private citizen. Weintraub, 593 F.3d at 203 (internal quotation marks omitted). As Kaplan concedes, a number of Crisafi's alleged actions "affect[ed] [Kaplan's] performance of his own duties." Kaplan Opening Br. at 31. Crisafi was Kaplan's immediate supervisor, and Crisafi's alleged behavior raised reasonable concerns by Kaplan of his ability to execute his own duties.

Because Kaplan's report to the Inspector General was made pursuant to and in furtherance of his employment duties, see Weintraub, 593 F.3d at 198, 201, 203, Kaplan was acting as a public employee and not a private citizen.[1]

---

[1] Kaplan's reliance on our decision in Jackler v. Byrne, 658 F.3d 225 (2d Cir. 2011), is misplaced. In that

Accordingly, any retaliation against his speech did not violate his First Amendment rights.

We have considered all of Kaplan's additional arguments and find them to be without merit.  Accordingly, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

case, we concluded that an officer who refused an order to retract a truthful statement and replace it with a false one acted as a private citizen, rather than as a public employee.  See id. at 241-42.  Jackler's reasoning does not extend to this quite different factual context, where the employee engaged in speech mandated by law as a duty of his job.

6