11-777-cv
Zembiec v. County of Monroe

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand twelve.

PRESENT:

> DENNIS JACOBS,
> > <u>Chief Judge</u>,
> DENNY CHIN,
> SUSAN L. CARNEY,
> > <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

THOMAS C. ZEMBIEC,
> <u>Plaintiff-Appellant</u>,

-v.-                                          11-777-cv

COUNTY OF MONROE; MONROE COUNTY SHERIFF'S DEPARTMENT; PATRICK M. O'FLYNN, Sheriff of the Monroe County's Sheriff Department, in his official & individual capacity; GARY CAIOLA, Undersheriff, in his official & individual capacity,
> <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF-APPELLANT:**     Steven Laprade (Christina A. Agola, <u>on the brief</u>), Christina A. Agola, PLLC, Rochester, NY.

**FOR DEFENDANTS-APPELLEES:** James L. Gelormini, Monroe County Law Department (<u>for</u> David Van Varick, Monroe County Attorney), Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Thomas C. Zembiec appeals the district court's decision granting Defendants' motion for judgment on the pleadings and denying Zembiec's motion to amend his complaint. We assume the parties' familiarity with the underlying factual allegations, the procedural history of the case, and the issues on appeal. Like the district court, for the purposes of our analysis, we assume the truth of the well-pleaded factual allegations in the proposed amended complaint. <u>See</u> <u>Ideal Steel Supply Corp. v. Anza</u>, 652 F.3d 310, 324 (2d Cir. 2011) (holding that the standard for a motion for judgment on the pleadings is the same as the standard for a motion to dismiss).

2

**[1]** "In order to establish a First Amendment retaliation claim, plaintiffs must prove that: (1) they engaged in constitutionally protected speech because they spoke as citizens on a matter of public concern; (2) they suffered an adverse employment action; and (3) the speech was a motivating factor in the adverse employment decision." Skehan v. Vill. of Mamaroneck, 465 F.3d 96, 106 (2d Cir. 2006), overruled on other grounds as recognized in Appel v. Spiridon, 531 F.3d 138, 139-40 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). We agree with the district court's well-reasoned opinion that Zembiec has not alleged "enough facts" to state a "plausible" claim that any protected speech by Zembiec was a motivating factor in any adverse employment action taken against him. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (holding that a complaint must plead "enough facts" to "raise a right to relief above the speculative level" and state a "plausible" claim); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

**[2]** As to Zembiec's remaining claims for relief, we affirm for substantially the reasons stated in the district court's thorough opinion.

3

**[3]** The district court did not err in denying Zembiec leave to amend his complaint. It reviewed the allegations in Zembiec's proposed amended complaint and concluded that they failed to state a claim upon which relief can be granted. We agree that Zembiec's amendment would have been futile. See <u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 88 (2d Cir. 2002) (holding that amendment is futile if the proposed amended complaint does not state a claim upon which relief can be granted).

    We have considered all of Zembiec's additional arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4