Miller v. NYC Dep't of Educ.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of November, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL,
         GERARD E. LYNCH,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

ADAM MILLER,
         Plaintiff-Appellant,

         -v.-                                    14-4685

NEW YORK CITY DEPARTMENT OF EDUCATION, OLGA LIVANIS, TINA YU, JULIA CUNNINGHAM, JARED ROSOFF, and BRENDAN ALFIERI,
         Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Alane E. Wolin, Wolin & Wolin, Jericho, NY.

FOR APPELLEES:          Michael J. Pastor, Senior Counsel, Cecilia Chang, of

1

counsel, for, Zachary Carter, Corporation Counsel of the City of New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff Adam Miller appeals from the judgment of the United States District Court for the Southern District of New York (Buchwald, J.), granting defendants-appellees' motion to dismiss the complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Miller challenges the ruling that his allegations of constitutional violations under 42 U.S.C. §§ 1983 and 1985(3) fail to state a claim.[1] Plaintiff claims (1) that he was retaliated against for exercising his free speech rights, (2) that the discipline he faced was not imposed on other teachers in violation of the Equal Protection Clause, and (3) that his procedural and substantive due process rights were violated. The claims are wholly without merit.

1. "Whether public employee speech is protected from retaliation under the First Amendment entails two inquiries: (1) 'whether the employee spoke as a citizen on a matter of public concern' and, if so, (2) 'whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public.'" Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (quoting Garcetti v. Ceballos, 547 U.S. 410, 418 (2006)). "Whether an employee's speech addresses a matter of public concern is a question of law for the court to decide, taking into account the content,

---

[1] The district court also concluded that plaintiff had waived his claims in a stipulation to resolve a prior § 3020-a proceeding, which is an extensive hearing and appeal process for disciplining tenured teachers and administrators in the New York state school system. However, we assume without deciding that the stipulation was ambiguous and that the instant claims were not waived.

2

form, and context of a given statement as revealed by the whole record.  The heart of the matter is whether the employee's speech was calculated to redress personal grievances or whether it had a broader public purpose." Ruotolo, 514 F.3d at 189 (citation and internal quotation marks omitted).

Plaintiff's retaliation claim fails because the speech alleged did not address a matter of public concern and was focused entirely on defendants' treatment of the plaintiff alone.  Plaintiff argues that his allegations reveal public wrongdoing or corruption and thus are matters of public concern.  However, unlike a typical public corruption case with broad impact, the only victim of defendants' alleged actions here is the plaintiff himself.  See Id. at 190 ("A generalized public interest in the fair or proper treatment of public employees is not enough.").  Because the speech that forms the core of the plaintiff's retaliation claim does not address a matter of public concern, the claim fails.

2. Plaintiff alleges his equal protection rights were violated; but "the Equal Protection Clause does not apply to a public employee asserting a violation of the Clause under a 'class of one' theory." Appel v. Spiridon, 531 F.3d 138, 139 (2d Cir. 2008) (citing Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 605-09 (2008).  Plaintiff does not allege that he is a member of a protected group; rather, the equal protection claim amounts to a theory that Miller was unfairly "singled out" for discipline that was not visited on other teachers who were similarly situated.  Because the equal protection claim rests on a "class of one" theory, it fails.

3.  Plaintiff proposes novel legal theories to suggest that his due process rights were violated both procedurally and substantively.

a. Plaintiff alleges that his procedural due process rights were violated when defendants did not adhere to the various "procedures, policies, rules and regulations and contractual provisions in a fair and even-handed manner and without regard to personal motives." Appellant's Brief at 63.  To state a procedural due process claim, plaintiff must allege a property right with a source other than the Constitution, such as a state or federal statute. O'Connor v. Pierson, 426 F.3d 187, 196 (2d Cir. 2005).  To invoke

3

procedural due process, a plaintiff must seek "to protect something more than an ordinary contractual right." S & D Maint. Co. v. Goldin, 844 F.2d 962, 966 (2d Cir. 1988). "Rather, procedural protection is sought in connection with a state's revocation of a *status*, an estate . . . [such as] tenure." Id. If such a property right is found, we must determine whether that property right "constitutes a property interest for purposes of the Fourteenth Amendment." Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 756 (2005).

Plaintiff does not complain of a revocation of tenure. Rather, he asserts that he had a property interest in certain specific disciplinary procedures set forth in a collective bargaining agreement. Such "ordinary contractual right[s]," S & D Maintenance, 844 F.2d at 966, do not constitute property interests. Thus, the plaintiff has failed to state a claim for procedural due process violations.

b. Plaintiff alleges that the uneven enforcement of contractual rights also violated his substantive due process rights. However, "where a specific constitutional provision prohibits government action, plaintiffs seeking redress for that prohibited conduct in a § 1983 suit cannot make reference to the broad notion of substantive due process." Velez v. Levy, 401 F.3d 75, 94 (2d Cir. 2005). "For a substantive due process claim to survive a Rule 12(b)(6) dismissal motion, it must allege governmental conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" Id. at 93-94 (quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998)).

All of the plaintiff's substantive due process allegations are subsumed by allegations that the same conduct violated other, more specific, constitutional provisions, *i.e.*, retaliation for protected speech and the equal protection clause. See Velez, 401 F.3d at 94 ("[W]hat would serve to raise defendant's actions beyond the wrongful to the unconscionable and shocking are facts which, if proven, would constitute, in themselves, specific constitutional violations."). But even if his allegations were not duplicitous, nothing about the plaintiff's workplace grievances or offended feelings "shocks the conscience." Accordingly, plaintiff's substantive due process claims fail.

4

For the foregoing reasons, and finding no merit in plaintiff's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK