10-1760-cv
Zalaski v. City of Hartford

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of May, two thousand eleven.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,
          JOHN G. KOELTL,
                    *District Judge*.*

------------------------------------------------------------------------
LISA ZALASKI, ANIMAL RIGHTS FRONT
INCORPORATED, DEREK V. OATIS,
                    *Plaintiffs-Appellees*,

          v.                                          No. 10-1760-cv

CITY OF HARTFORD, ALBERT, SGT,
                    *Defendants-Appellants*.
------------------------------------------------------------------------

APPEARING FOR APPELLEES:        DEREK V. OATIS, Lobo & Novak, LLP,
                                Manchester, CT, *pro se and for appellees*.

----------------------------------

* District Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

1

APPEARING FOR APPELLANTS:        HENRI  ALEXANDRE,  Crumbie Law Group, LLC, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED for lack of appellate jurisdiction.

Defendants, the City of Hartford and Police Sergeant Daniel Albert, appeal from the denial of their motion for summary judgment, which was based on a claim that Albert was entitled to qualified immunity from suit by plaintiffs under federal and state law for false arrest, false imprisonment, malicious prosecution, and violation of First Amendment rights. These claims originated in Albert's arrest of plaintiffs Oatis and Zalaski on April 23, 2006, in connection with plaintiffs' participation in an animal-rights protest at a Hartford public plaza aimed at Ringling Brothers and Barnum & Bailey Circus, whose affiliate then had a permit to use the plaza in connection with a promotional event for children.  The thrust of defendants' immunity argument in the district court and on appeal is that there is no clearly established First Amendment right to protest at the site of an event conducted pursuant to permit.  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to dismiss for lack of jurisdiction.

Defendants submit that the collateral order doctrine allows us to exercise jurisdiction in this interlocutory appeal from the denial of a summary judgment motion based on qualified immunity. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) (recognizing that denial of qualified immunity "can fall within the narrow class of appealable orders despite the absence of a final judgment" (internal quotation marks omitted)). For that doctrine to apply, however, "the qualified-immunity denial must present a legal issue that can be decided with reference only to undisputed facts and in isolation from the remaining issues of the case." Britt v. Garcia, 457 F.3d 264, 271 (2d Cir. 2006) (internal quotation marks omitted). In denying summary judgment, the district court correctly identified factual disputes material to defendants' entitlement to qualified immunity. With respect to plaintiffs' First Amendment claim, the district court identified a disputed question of fact as to whether Albert acted with a legitimate law-enforcement motive or rather "because of [plaintiffs'] viewpoint and substantive message." Zalaski v. City of Hartford, 704 F. Supp. 2d 159, 164 (D. Conn. 2010); see also id. at 167, 169, 174. With respect to plaintiffs' remaining claims, the district court identified disputed questions of fact as to whether the arrest was supported by probable cause to believe plaintiffs' conduct violated state law. See id. at 170-72, 174.

As the Supreme Court has ruled, "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 515 U.S. 304, 319-20 (1995). In such circumstances, we may exercise

3

interlocutory jurisdiction only "if the defendant contests the existence of a dispute or the materiality thereof, or . . . contends that he is entitled to qualified immunity even under plaintiff's version of the facts." Tierney v. Davidson, 133 F.3d 189, 194 (2d Cir. 1998); accord Cowan ex rel. Estate of Cooper v. Breen, 352 F.3d 756, 761 (2d Cir. 2003). In an effort to satisfy this jurisdictional requirement, defendants submit that the district court erred in identifying a material factual dispute by (1) failing to take into account the legal effect of the permit for use of the plaza, and (2) relying on facts unknown to Albert without considering whether an officer ignorant of those facts would have had at least "arguable probable cause" to arrest plaintiffs. See, e.g., Zellner v. Summerlin, 494 F.3d 344, 369-70 (2d Cir. 2007) (discussing "arguable probable cause" as basis for qualified immunity). We are not persuaded.

Whether or not a use permit might convert a traditional public forum into a non-public forum for First Amendment purposes, see generally Hotel Emps. & Restaurant Emps. Union, Local 100 of N.Y., N.Y. & Vicinity v. City of N.Y. Dep't of Parks & Recreation, 311 F.3d 534, 544-46 (2d Cir. 2002) (distinguishing between public fora and non-public fora for purposes of reviewing government restrictions on speech); cf. Sistrunk v. City of Strongsville, 99 F.3d 194, 198 (6th Cir. 1996) (recognizing municipal authority to "issu[e] permits to groups seeking to make exclusive use of [public property] for expressive activity during a limited period of time"), defendants' claim of qualified immunity cannot be resolved as a matter of law as long as distinct questions of fact persist regarding the motive for the

4

arrest and the existence of probable cause. If Albert's motive for the arrest was message suppression rather than content-neutral law enforcement, no reasonable officer could think his actions did not violate the First Amendment, regardless of the forum. See Hotel Emps. & Restaurant Emps. Union, Local 100 of N.Y., N.Y. & Vicinity v. City of N.Y. Dep't of Parks & Recreation, 311 F.3d at 546 (stating government restrictions on speech in non-public fora are still subject "to the requirements of reasonableness and viewpoint neutrality" (emphasis added)). Further, until factual disputes are resolved as to exactly what plaintiffs were doing at the time of arrest, a court cannot determine if Albert's actions were supported by actual – or even arguable – probable cause to think plaintiffs' conduct was obstructive, disorderly, interfering, or a trespass.[1]

In sum, because defendants have failed to demonstrate the requisite absence of a dispute as to a material fact, we lack jurisdiction over their interlocutory appeal from the

---

[1] Defendants' theory that there was probable cause to arrest for obstructing free passage, see Conn. Gen. Stat. § 53a-182a(a), is the only probable cause theory preserved on appeal. Defendants argued below that there was probable cause to arrest for disorderly conduct, see id. § 53a-182, and interfering with an officer, see id. § 53a-167a, but do not pursue these arguments on appeal. Moreover, because defendants do not dispute that they explicitly relinquished the argument in their summary judgment motion in the district court that there was probable cause to arrest for trespass, see id. §§ 53a-107, 53a-108, we may deem that point waived on appeal, see Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998); see also Johnson v. Testman, 380 F.3d 691, 695 n.5 (2d Cir. 2004) ("[O]nce the government chose not to argue exhaustion to the district court at the summary judgment stage, it forfeited the right to raise the issue before this court on appeal."). In any event, because these probable cause theories all present unresolved questions of material fact, we lack appellate jurisdiction.

denial of summary judgment.  We have considered defendants' remaining jurisdictional arguments and conclude that they are without merit.

Accordingly, the appeal is DISMISSED for lack of appellate jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court