11-1588-cv
Estate of Raylyn George v. Batista

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand twelve.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
                     *Circuit Judges*,
           JOHN G. KOELTL,
                     *District Judge.*[*]

-----------------------------------------------------------------------
ESTATE OF RAYLYN GEORGE,
                     *Plaintiff-Appellee*,


                v.                                    No. 11-1588-cv

LUIS BATISTA, Bridgeport Police Officer, in his
individual and official capacities, CITY OF
BRIDGEPORT,
                     *Defendants-Appellants*,


HUGH TOBIN, Bridgeport Police Officer, in his
individual and official capacities, JOHN DOE 1,
Bridgeport Police Officer, in his individual and official

---

[*] Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

1

capacities, JOHN DOE 2, Bridgeport Police Officer, in
his individual and official capacities,

*Defendants.*[**]

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:    ELLIOT B. SPECTOR, Noble, Spector & O'Connor, P.C., Hartford, Connecticut.

APPEARING FOR APPELLEE:    TINA SYPEK D'AMATO, The Law Office of Tina Sypek D'Amato, LLC, Bridgeport, Connecticut (Burton M. Weinstein, Esq., New Haven, Connecticut, *on the brief*).

Appeal from an order of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED for lack of appellate jurisdiction.

Defendants, Police Officer Luis Batista and the City of Bridgeport, appeal from the district court's March 31, 2011 denial of partial summary judgment in favor of Batista on the ground that qualified immunity shields him from suit by plaintiff, the Estate of Raylyn George, for the alleged use of excessive force in violation of the Fourth Amendment. The excessive force claim derives from the August 25, 2005 shooting death of George in the backyard of a house in Bridgeport's Marina Village public housing complex while George was fleeing from arrest by Batista. We assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to dismiss the appeal.

----

[**] The Clerk of Court is directed to amend the official caption as shown above.

2

The plaintiff here questions whether we have jurisdiction to hear this appeal, and, indeed, we have an independent obligation to consider that question sua sponte. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006). "Orders denying summary judgment are generally not immediately appealable 'final decision' under 28 U.S.C. § 1291." Bolmer v. Oliveira, 594 F.3d 134, 140 (2d Cir. 2010). While the collateral order doctrine allows us to exercise jurisdiction over appeals from the denial of qualified immunity, see Ashcroft v. Iqbal, 556 U.S. 662, 671–72 (2009), we may not collaterally review a district court's determination that "the pretrial record sets forth a 'genuine' issue of fact for trial," Johnson v. Jones, 515 U.S. 304, 319–20 (1995); see also Britt v. Garcia, 457 F.3d 264, 271–72 (2d Cir. 2006) (holding that for collateral order doctrine to apply, qualified immunity denial must present legal issue that can be decided by reference only to undisputed facts and in isolation from remaining issues of case). Rather, we may exercise interlocutory jurisdiction only "where the defendant contends that on stipulated facts, or on the facts that the plaintiff alleges are true, . . . the immunity defense is established as a matter of law because those facts show either that he 'didn't do it' or that it was objectively reasonable for him to believe that his action did not violate clearly established law." Salim v. Proulx, 93 F.3d 86, 90–91 (2d Cir. 1996). Because this appeal does not present such a situation, we dismiss.

In denying Batista qualified immunity, the district court identified "several factual issues requiring a jury's determination and reconciliation." Estate of Raylyn George v. Batista, No. 08-cv-1023 (VLB), 2011 WL 1322533, at *11 (D. Conn. Mar. 31, 2011). The

3

district court found that there were disputed issues of fact on the questions whether (1) Batista shot George (rather than George taking his own life), and (2) the use of such force was constitutionally unreasonable. On interlocutory appeal, however, we may not consider whether the district court accurately assessed the record in addressing the sufficiency of the evidence to create a jury issue on the facts relevant to the qualified immunity claim. See Salim v. Proulx, 93 F.3d at 91. That is precisely the error urged by defendants on this appeal. Assuming as we must here that the district court correctly concluded that the evidence suffices to permit a reasonable jury to find that Batista fired the fatal shots, and that he did so under circumstances where he faced no significant threat of death or serious physical injury to himself or others, defendants cannot claim that clearly established law does not support an excessive force claim, see Cowan ex rel. Estate of Cooper v. Breen, 352 F.3d 756, 762 (2d Cir. 2003), or that no reasonable officer would have known his use of deadly force in the absence of such a threat was unconstitutional, see id. at 763.

In concluding that we lack interlocutory jurisdiction to review defendants' challenge to the district court's finding of sufficient evidence to raise issues of fact requiring trial, we do not foreclose defendants from raising appropriate legal challenges in the district court to the admissibility or sufficiency of the evidence, or from arguing to the jury that it should find that plaintiff has not carried its burden to prove the claimed excessive force. Nor does anything in our discussion today preclude defendants from raising a sufficiency challenge

on any appeal from a final judgment favorable to plaintiff.  We here decide only that we lack jurisdiction to entertain such a claim at this time.

For the foregoing reasons, the appeal is DISMISSED for lack of appellate jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court