11-5029-cv
Bouche v. Oliveri et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of  December, two thousand twelve.

Present:
ROBERT A. KATZMANN,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,

_____

FELITA RUCKER BOUCHE,

　　*Plaintiff-Appellee*

　　　　v.　　　　　　　　　　　　　　　No. 11-5029-cv

P.O. FRANK OLIVERI, P.O. CHRISTIAN GUTIERREZ,
P.O. JOSE CALERO, P.O. ROBIN MARTIN,

　　*Defendants-Appellants.*[1]

_____

For Plaintiff-Appellee:　　　　　CALVIN H. SCHOLAR, The C.H. Scholar Law Firm, P.L.L.C., New Rochelle, N.Y.

_____

[1] The Clerk of the Court is directed to amend the caption of this case as set forth above.

For Defendants-Appellants:     ADAM RODRIGUEZ, Senior Assistant County Attorney, *for* Robert F. Meehan, Westchester County Attorney, White Plains, N.Y.

Appeal from the United States District Court for the Southern District of New York (Young, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Plaintiff-Appellee Felita Bouche brings this action on behalf of her deceased son, Christopher Ridley, against Defendants-Appellants Frank Oliveri, Christian Gutierrez, Jose Calero, and Robin Martin, four individual police officers who shot and killed Ridley in White Plains on January 25, 2008.  Ridley, also a police officer, was killed when — while off-duty — he attempted to arrest an individual he had witnessed commit a violent assault.  By Order entered November 21, 2011, the United States District Court for the Southern District of New York (Young, *J.*) denied defendants' motion for summary judgment on the basis of qualified immunity.  Specifically, the court concluded that, viewing the facts in the light most favorable to the plaintiff, the defendant officers were not entitled to qualified immunity because there were genuine disputes of material fact regarding whether the defendant officers acted reasonably in using deadly force against Ridley.  We presume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

The plaintiff challenges our jurisdiction to hear this interlocutory appeal, and we have an independent obligation to consider the question *sua sponte*.  *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).  Although "[o]rders denying summary judgment are generally not immediately appealable 'final decisions' under 28 U.S.C. § 1291," the collateral order doctrine gives us jurisdiction over interlocutory appeals of orders denying claims of qualified immunity,

2

like the instant appeal. *Bolmer v. Oliveira*, 594 F.3d 134, 140 (2d Cir. 2010). But we have repeatedly emphasized that "we may review immunity denials only to the narrow extent they turn on questions of law." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 527–30 (1985)). We do not have the jurisdiction to review a district court's determination that there exist "genuine" disputes as to material facts that can be resolved only at trial. *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). Rather, we have interlocutory jurisdiction to hear a qualified immunity appeal only where the defendant, on the basis of either stipulated facts or the plaintiff's version of the facts, contends that qualified immunity is established as a matter of law "because those facts show either that he 'didn't do it' or that it was objectively reasonable for him to believe that his action did not violate clearly established law." *Salim v. Proulx*, 93 F.3d 86, 90–91 (2d Cir. 1996). Because this appeal asks us to untangle which disputes are "genuine" from which disputes the defendants contend are fake, we do not have jurisdiction. *See, e.g.*, *Estate of George v. Batista*, 480 F. App'x 104, 105 (2d Cir. 2012) (summary order) (dismissing for lack of jurisdiction where defendants questioned "whether the district court accurately assessed the record in addressing the sufficiency of the evidence to create a jury issue").

In rejecting the defendants' assertion of qualified immunity, the district court determined that the defendant officers did not show that their conduct was objectively reasonable as a matter of law. Specifically, the district court concluded that a genuine dispute of material fact exists as to whether a reasonable officer would have had probable cause to believe that Ridley posed a significant threat of death or serious physical injury to the officer or others, *see Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 761 (2d Cir. 2003), noting that according to two witnesses Ridley informed the defendants that he was also a police officer prior to being shot.

3

The district court also rejected the defendants' argument that, even if Ridley identified himself as a police officer, the officers' use of deadly force was justified because of Ridley's alleged failure to drop his weapon, concluding instead that "a jury ought resolve this."

Despite our limited jurisdiction, on appeal the defendants repeatedly dispute the genuineness of the relevant factual disputes. *See, e.g.*, Pet'rs' Br. 13 n.14 (arguing that the plaintiff did not raise any genuine disputes as to the circumstances of the shooting, and that her version of events is contradicted by the videotape evidence); Pet'rs' Reply Br. 9 (same); Pet'rs' Reply Br. 10 (contending that there is no genuine dispute as to whether Ridley made any sudden movements prior to the shooting). Defendants also misstate the record below. In particular, defendants present as undisputed that, immediately prior to the shooting, Ridley suddenly rose and pointed his weapon directly at defendant officer Frank Oliveri. While this version of events is supported by the deposition testimony of each of the defendant officers, *see* Joint App'x 199-200, 338, 479, 591, it is inconsistent with the recollections of several witnesses to the shooting, *see, e.g.*, *id.* at 691 (testimony of witness Antonio Howard that Ridley was shot when he stood up, and not mentioning anything about Ridley turning toward or pointing his weapon at the defendant officers); *id.* at 64 (declaration of Julia Gillen that Ridley "was not really making any sudden movements" in the period prior to the shooting).

In effect, defendants take the district court's reliance on only *one* genuine dispute of material fact to dismiss their motion for summary judgment from the bench as support that all the other genuine disputes of material fact in this case should be resolved in their favor. This is wrong as a matter of law, *see Bolmer*, 594 F.3d at 141 (confining review of denial of immunity on summary judgment to "the facts favorable to [the plaintiff] that the trial judge concluded the

4

jury might find, including those it did not explicitly identify but likely assumed" (internal quotation marks omitted)), but, more importantly for the instant appeal, we do not have jurisdiction to consider an appeal based solely on the resolution of such factual determinations, *see Jones v. Parmley*, 465 F.3d 46, 54–55 (2d Cir. 2006).  Accordingly, for the foregoing reasons, the appeal is **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK