12-774-cv
Harewood v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of January, two thousand thirteen.

Present:
     ROBERT A. KATZMANN,
     RAYMOND J. LOHIER, JR.,
               *Circuit Judges*,
     JED S. RAKOFF,
               *District Judge.*[*]

_____

DERYCK HAREWOOD,

     *Plaintiff-Appellee*,

               v.                                        No. 12-774-cv

CITY OF NEW YORK, MICHAEL BRAITHWAITE,
Det. Shield No. 347, and JOHN DOE,

     *Defendants-Appellants,*

KINGS COUNTY DISTRICT ATTORNEY,

     *Respondent.*[**]

_____

<hr />

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the caption as noted.

For Plaintiff-Appellee:          Vincent I. Eke-Nweke, Brooklyn, N.Y.

For Defendants-Appellants:      Larry A. Sonnenshein, Philip S. Frank, and Mordecai Newman, Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the defendants' appeal be **DISMISSED.**

On July 9, 2008, Plaintiff-Appellant Deryck Harewood filed the instant action against Defendants-Appellants the City of New York ("the City") and Detective Michael Braithwaite under 42 U.S.C. § 1983 and state law, asserting claims of false arrest, malicious prosecution, and wrongful incarceration. Harewood was arrested by Braithwaite on June 11, 2007, for an alleged stabbing, but, five days later, a grand jury declined to indict him. In a Memorandum Decision and Order of February 10, 2012, the United States District Court for the Eastern District of New York (Block, *J.*), granted the motion of the City and an unnamed New York City police officer for summary judgment on Harewood's state and federal law claims. The court also granted Braithwaite's motion for summary judgment on Harewood's state laws claims. However, the district court denied Braithwaite's motion for summary judgment on Harewood's § 1983 claims for false arrest, malicious prosecution, and wrongful incarceration. The district court in essence held that there were genuine disputes of material fact that prevented it from determining that Braithwaite was entitled to qualified immunity as a matter of law. Defendants-Appellants the City and Braithwaite (collectively "the defendants") have filed this interlocutory appeal, arguing that Braithwaite was, in fact, entitled to qualified immunity on all three § 1983 claims. We

2

presume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

Normally, "[t]he denial of a motion for summary judgment is . . . not immediately appealable because such a decision is not a final judgment." *Jones v. Parmley*, 465 F.3d 46, 54 (2d Cir. 2006) (internal quotation marks omitted). There is a limited exception, however, called the "collateral order doctrine," under which "the denial of a qualified-immunity-based motion for summary judgment is immediately appealable to the extent that the district court has denied the motion as a matter of law, although not to the extent that the defense turns solely on the resolution of questions of fact." *Id.* (internal quotations marks omitted). The "district court's mere assertion that disputed factual issues exist . . . is not enough to preclude an immediate appeal." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted). "Rather, we have interlocutory jurisdiction to hear a qualified immunity appeal only where the defendant, on the basis of either stipulated facts or the plaintiff's version of the facts, contends that qualified immunity is established as a matter of law . . . ." *Bouche v. Oliveri*, No. 11-5029-cv, 2012 WL 6621383, at *1 (Dec. 20, 2012) (summary order). In other words, "we have jurisdiction to determine whether [a disputed factual] issue is *material*, but not whether it is *genuine*." *Bolmer v. Oliveira*, 594 F.3d 134, 140-41 (2d Cir. 2010).

In this case, as in *Bouche*, the defendants repeatedly ignore the limited nature of our jurisdiction on interlocutory appeal and contest whether the factual disputes found by the district court are genuine. The defendants argue in their opening brief that "the record is completely devoid of evidence that [part of the word marihuana] was visible" next to a lineup photo shown to Ms. Creary—the key eyewitness—even though, according to the district court, this was a

3

genuine dispute of fact.  Appellant's Br. 25-26.  Additionally, the defendants reject the plaintiff's contention that Creary did not actually meet with the prosecutors and that Braithwaite passed along her statements on his own.  *See* Appellant's Br. 30 ("[A]fter each positive identification . . . Creary spoke with the District Attorney's office.").

Although the defendants later acknowledge that they must accept the facts as alleged by the plaintiff, *see* Appellant's Reply Br. 3-6, they still fail to stipulate to Harewood's version of events on critical issues relevant to the resolution of Harewood's claims.  Harewood, for example, argues that Braithwaite *deliberately* sought to bias Creary's identification, which, if true, seriously undermines Braithwaite's contention that he was entitled to qualified immunity on the false arrest claim because he reasonably relied on Creary's identification.[1]  *See Good v. Curtis*, 601 F.3d 393, 398 (5th Cir. 2010) ("[A] police officer's knowing efforts to secure a false identification by . . . unlawfully influencing witnesses is not entitled to qualified immunity.").  However, the defendants do not assume for purposes of appeal that Braithwaite's actions were intentional.  In fact, the clear implication from their briefing is that they assume the opposite, *i.e.*, that Braithwaite was acting in good faith.  Similarly, with respect to Harewood's wrongful incarceration claim, the defendants do not contend that Braithwaite's deliberate attempt to bias Creary's identification, if true, was immaterial.  Rather, they simply refuse to accept Harewood's story on this point.

Lastly, the defendants ignore entirely the district court's conclusion that there was a genuine issue of fact regarding whether Braithwaite encouraged the prosecutors to file charges.

---

[1]  The district court determined that a reasonable jury could not have found that Braithwaite falsified arrest reports and his notes, but it did not hold that a reasonable jury could not find that Braithwaite deliberately tried to bias the identification.

This dispute, if accepted as genuine, would clearly be material to resolving Harewood's malicious prosecution claim. *See Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) (finding that a defendant police officer initiates a prosecution where, *inter alia*, he "plays an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (internal quotation marks and alteration omitted)). The defendants, however, simply ignore it.

Because the defendants have not accepted the plaintiff's view of all of the material facts, we decline to exercise interlocutory jurisdiction over the district court's denial of qualified immunity on Harewood's claims. Accordingly, we **DISMISS** the defendants' appeal, and remand to the district court for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK