16-4085-cv
*Latreille v. Gross*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand seventeen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges,*
> JOHN G. KOELTL,
> > *District Judge.\**

_____

NICOLE S. LATREILLE,

> *Plaintiff-Appellee,*

> v.                                                                                          16-4085-cv

STEVE GROSS, DARCIE MILLER,

> *Defendants-Appellants.\*\**

_____

---

\* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

\*\* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

For Plaintiff-Appellee:                    MICHAEL H. SUSSMAN, Sussman & Associates, Goshen, New York.

For Defendants-Appellants:                 HYUN CHIN KIM, *for* Langdon C. Chapman, Orange County Attorney, Orange County Attorney's Office, Goshen, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

In this interlocutory appeal, Defendants-Appellants Steve Gross, Commissioner of the Orange County Department of Human Resources, and Darcie Miller, Commissioner of the Orange County Department of Social Services and Commissioner of Mental Health, appeal from a December 2, 2016 order of the United States District Court for the Southern District of New York (Seibel, *J.*) denying in part Gross and Miller's motion for summary judgment. Gross and Miller assert that they are entitled to qualified immunity. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a decision by a district court to deny summary judgment on the basis that a public official is not entitled to qualified immunity." *Golodner v. Berliner*, 770 F.3d 196, 201 (2d Cir. 2014). We generally lack jurisdiction to review the denial of a motion for summary judgment because it is "not a final judgment" and is "not immediately appealable." *Walczyk v. Rio*, 496 F.3d 139, 153 (2d Cir. 2007); *see* 28 U.S.C. § 1291. There is an exception to this rule when "the denied motion was based on a claim of immunity, at least to the extent the immunity claim presents a 'purely legal question.'" *Walczyk*, 496 F.3d at 153 (quoting *Mitchell v. Forsyth*,

2

472 U.S. 511, 530 (1985)). Because "[w]e are without jurisdiction to review a denial of a claim of qualified immunity that turns on disputed issues of fact," *Golodner*, 770 F.3d at 201 (citing *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995)), we "must assume 'all factual disputes in favor of the non-movant,' *id.* (quoting *Ross v. Breslin*, 693 F.3d 300, 302 (2d Cir. 2012)). That is, defendants are permitted to appeal a denial of qualified immunity only if they "pursue the appeal on the basis of stipulated facts or the facts as alleged by the [non-movant]" or if they "assume that all the facts that the district court found to be disputed are resolved in the [non-movant]'s favor." *Ricciuti v. Gyzenis*, 834 F.3d 162, 167 (2d Cir. 2016) (quoting *Skehan v. Vill. of Mamaroneck*, 465 F.3d 96, 104–05 (2d Cir. 2006), *overruled on other grounds by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008) (per curiam)); *see also White v. Pauly*, 137 S. Ct. 548, 550 (2017) (per curiam) ("[T]he facts are viewed in the light most favorable to the [non-movant]."). We further "may not inquire into the district court's determination that there was sufficient evidence to create a jury question." *Ricciuti*, 834 F.3d at 167 (quoting *Skehan*, 465 F.3d at 105). Because we are prohibited from "entertain[ing] an interlocutory appeal in which a defendant contends that the district court committed an error of law in ruling that the plaintiff's evidence was sufficient to create a jury issue on the facts relevant to the defendant's immunity defense," *Salim v. Proulx*, 93 F.3d 86, 91 (2d Cir. 1996), we regularly dismiss interlocutory appeals for lack of appellate jurisdiction on this basis. *See, e.g.*, *Munafo v. Metro. Transp. Auth.*, 285 F.3d 201 (2d Cir. 2002); *In re State Police Litig.*, 88 F.3d 111 (2d Cir. 1996); *Moffitt v. Town of Brookfield*, 950 F.2d 880 (2d Cir. 1991); *Bouche v. Oliveri*, 506 F. App'x 29 (2d Cir. 2012) (summary order); *Estate of George v. Batista*, 480 F. App'x 104 (2d Cir. 2012) (summary order); *Zalaski v. City of Hartford*, 462 F. App'x 13 (2d Cir. 2011) (summary order).

Gross and Miller profess – as they must – to pursue their interlocutory appeal based on the facts alleged by Plaintiff-Appellee Nicole S. Latreille. However, upon our review of the record and despite Gross and Miller's representations to the contrary, we conclude that Gross and Miller do not proceed on this basis. We thus must dismiss their appeal for lack of appellate jurisdiction.

As one example, Gross and Miller spend considerable time arguing that Latreille's disclosures to law enforcement of public assistance records, insofar as they related to welfare fraud, were within the scope of her professional responsibilities and therefore not constitutionally protected. Based on the record, we lack jurisdiction to review this challenge. The district court determined that "[t]he parties don't dispute that Plaintiff's investigation was *outside* of her official job responsibilities." S.A. 15–16 (emphasis added). And there is ample record evidence that Latreille's job responsibilities did not include fraud investigation of any sort, whether it be welfare or mortgage fraud. *See, e.g.*, J.A. 120 (noting that it is not "within [Latreille's] job description to conduct investigations into fraud"); *id.* at 113 (noting that the work "expanded beyond [her] job duties"); *id.* at 133 (noting that the information was not "pertinent" to Latreille's job); *id.* at 269 (noting that her "investigations and disclosures were outside the scope of her work responsibilities"); *id.* at 552 (noting at Miller's deposition that "investigating to begin with" is not part of Latreille's duties); *id.* at 624 (noting in Bradshaw's complaint letter that "[t]his certainly is not part of our job description"). Some of this record evidence is even cited in Gross and Miller's own Rule 56.1(a) statement. *See id.* at 31.

It is telling that, as the district court pointed out, Gross and Miller's own statement of reasons for disciplining Plaintiff largely concedes the point. In the letter to Latreille dated April 17, 2015 and signed by Miller, Charge I specified that Latreille used the county electronic

4

communication system "for purposes that fell outside the scope of [her] own and [her] work unit's responsibilities." *Id.* at 626. Charge II highlighted that she used her work computer "for purposes that fell outside the scope of [her] own and [her] assigned work unit's responsibilities." *Id.* Charge III described Latreille's investigation as an "unconventional 'special project.'" *Id.* Charge V made clear that Latreille's investigation was "outside the scope of [her] normal duties." *Id.* at 627. In sum, the facts underlying Gross and Miller's claim on appeal that Latreille's disclosures to law enforcement were within the scope of her professional responsibilities are, at best, contested, and, accordingly, we do not have jurisdiction to consider the appeal.

Accordingly, the appeal is **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5