Pistolesi v. Calabrese

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand sixteen.

PRESENT: DENNIS JACOBS,
        ROSEMARY S. POOLER,
                <u>Circuit Judges</u>.
        GEOFFREY W. CRAWFORD,\*
                <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - - -X
RENATO PISTOLESI, ALLTOW, INC.,
ACTION AUTOMOTIVE COLLISSION &
MECHANICAL INC.,
       <u>Plaintiffs-Appellants</u>,

      -v.-                    15-2049-cv

CARL CALABRESE, individually, MARTIN
NOVICK, individually, MATTHEW
ALEXANDER, individually, JENNIFER
NIZNIK, individually, PAUL ITALIANO,
individually, ALAN WEITLICH,

---

    \* Judge Geoffrey W. Crawford, United States District Court for the District of Vermont, sitting by designation.

**individually, JOHN VISENTIN, VILLAGE
OF WAPPINGERS FALLS, DENISE CALABRESE**
        <u>**Defendants-Appellees**</u>,

**BRIAN SMITH, individually, JOSH
KEMLAGE, individually, J. ERNS,
individually, SEAN MCNEIL,
individually, M.A. RODRIGUEZ,
individually, RAFAEL TORRES,
individually, P. CAPPARELLI,
individually, MARK LIBERMANN,
individually, MARK KEMLAGE,
individually,**
        <u>**Defendants**</u>.
- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**             MICHAEL H. SUSSMAN, Sussman &
                               Watkins, Goshen, NY.

**FOR APPELLEES:**             MONTGOMERY L. EFFINGER,
                               O'Connor, McGuinness, Conte,
                               Doyle, Oleson, Watson & Loftus
                               LLP, White Plains, NY.

    Appeal from the judgment of the United States District Court for the Southern District of New York (Seibel, Aspen, <u>JJ.</u>).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED IN PART AND VACATED AND REMANDED IN PART.**

    Plaintiffs-appellants Renato Pistolesi, Alltow, Inc., and Action Automotive Collision and Mechanical, Inc., appeal from the judgment of the United States District Court for the Southern District of New York (Seibel, Aspen, <u>JJ.</u>).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

    1.  Appellants request a new trial on their First Amendment-based retaliation claim, arguing that the district court improperly excluded evidence.  Appellants complain that the district court wrongly excluded (a) three exhibits purporting to demonstrate the defendants' disparate treatment of Action and Alltow compared to other towing companies, and (b) testimony of a former employee of the

2

Village of Wappingers Falls ("the Village"), purporting to demonstrate Police Commissioner Renato Calabrese's animus toward Pistolesi. The district court excluded the evidence on relevance grounds.

"We review a district court's evidentiary rulings deferentially, mindful of its superior position to assess relevancy . . . ." United States v. Abu-Jihaad, 630 F.3d 102, 131 (2d Cir. 2010). We will reverse a district court on an evidentiary issue only if it commits an abuse of discretion, which requires us to find that "the trial judge ruled in an arbitrary and irrational fashion." United States v. Dhinsa, 243 F.3d 635, 649 (2d Cir. 2001) (quoting United States v. Pipola, 83 F.3d 556, 566 (2d Cir. 1996)).

a. Appellants argue that the documentary exhibits were relevant because they provided circumstantial support for their assertion that the Village removed Alltow from the Tow List because of Pistolesi's protected speech.[1] The exhibits relate to Calabrese's treatment of two instances in which the Village received complaints about other businesses on the Tow List. Pistolesi argues that the exhibits demonstrate that Calabrese dealt with these companies more leniently than he did with Alltow after a customer complained about Alltow's service, thereby suggesting that Calabrese's treatment of Alltow was motivated by retaliatory animus.

However, the complaints about these two other companies differ in material respects from the complaint about Alltow. For example, the total amount of Alltow's challenged bill was considerably higher than the amounts charged by the other companies; and the owners of the other companies took corrective measures, such as reprimanding their employees or lowering the total bill, whereas Pistolesi took no such

---

[1] Appellants also assert that the excluded documents and testimony were relevant because they would undermine a defense potentially available to the defendants-appellees. The appellants contend that the evidence would be relevant to both this defense and the appellants' prima facie retaliation claim "[f]or similar reasons." Appellant's Opening Br., at 20. Since we find that the evidence can be properly excluded as irrelevant to the appellants' retaliation claim, the same is true regarding the defendants-appellees' possible defense.

measures. Because of these factual differences, we cannot say that the district court's conclusion that the exhibits were irrelevant to the First Amendment claim was "arbitrary or irrational." Dhinsa, 243 F.3d at 649.

Even were we to decide that the exhibits were relevant, we would not order a new trial. Because of the marginal probative value of the evidence, and the need to litigate the particulars of what occurred in these other transactions and complaints, the district court could properly exclude this evidence on the basis that its probative value would be substantially outweighed by undue delay. See Fed. R. Evid. 403.

b. The district court also did not abuse its discretion by excluding as irrelevant the testimony of John Fenton, a former Village employee. Pistolesi asserts that Fenton would testify that, soon after Pistolesi's protected speech, Calabrese called Pistolesi a "scumbag" and said he "intended to run Mr. Pistolesi out of the village." J. App'x at 1433-34. However, the district court was skeptical that Fenton's testimony would be probative of whether Pistolesi's protected speech caused Alltow's removal from the Tow List. This skepticism is justified by deposition testimony in which Fenton stated that Calabrese made derogatory comments about Pistolesi because Pistolesi "was consistently breaking the law with respect to the zoning--or . . . the towing list." Id. at 1433. Because Fenton suggested that Calabrese's animus toward Pistolesi was driven by factors other than Pistolesi's protected speech, the district court's exclusion of Fenton's testimony did not abuse discretion.

Since we find no reversible error as to any of the district court's evidentiary rulings, appellants are not entitled to a new trial on their First Amendment claim.

2. Action appeals the district court's grant of summary judgment on its Equal Protection Clause claim. We "review a . . . grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005). We affirm a grant of summary judgment only if there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

4

Action pursues a "class of one" equal protection claim, asserting that the appellees discriminated against it and improperly removed it from the Tow List. To set out a valid "class of one" claim, a plaintiff must "allege[] that [it] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Ruston v. Town Bd. for Skaneateles, 610 F.3d 55, 58 (2d Cir. 2010) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam)). The plaintiff must demonstrate that "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy." Id. at 59-60 (quoting Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006)).

Action failed to identify sufficiently similar comparators. After Action's removal from the Tow List, only Alltow and one other company remained. That other company is therefore the only comparator upon which Action can base its class-of-one claim. But Action is co-owned by Pistolesi, who also owns another company on the Tow List (Alltow), whereas the owner of the other company does not own multiple businesses on the list. A factfinder could conclude that the Village removed Action from the Tow List to avoid the unfairness of having a company owned by Pistolesi being called in sequence to perform a tow twice as often as the non-Pistolesi-owned company. Contrary to Action's assertions, it is irrelevant whether a desire for fairness was the *actual* motivation of the Village's removal decision.[2] Consequently, Action has not identified a

---

[2] In class-of-one claims, a plaintiff is required to identify comparators that are "prima facie identical" in order to "provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose . . . is all but certain." Neilson v. D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005), overruled on other grounds by Appel v. Spiridon, 531 F.3d 138 (2d Cir. 2008). Since Action failed to identify sufficiently similar comparators, we cannot say that it is "all but certain" that the Village's decision to remove Action was based on an improper purpose.

sufficiently similar comparator to base its class-of-one claim.

   3.   Action appeals the district court's refusal (in a separate order) to grant an injunction ordering the Village to reinstate it to the Tow List, even though the district court had held preempted a Tow List regulation that Action had challenged.  The district court justified its refusal to grant an injunction solely on the ground that doing so would constitute retroactive relief, in conflict with <u>Ex parte Young</u>, 209 U.S. 123 (1908), which allows only prospective injunctive relief for constitutional violations.  <u>See</u> <u>Edelman v. Jordan</u>, 415 U.S. 651, 664 (1974).

   The relief of reinstating Action to the Tow List would be prospective, not retroactive.  <u>See</u> <u>Dwyer v. Regan</u>, 777 F.2d 825, 836 (2d Cir. 1986) (holding reinstatement to government employment is prospective relief).  Therefore, we vacate the district court's order refusing to reinstate Action to the Tow List, and remand the case to the district court to reconsider Action's request for an injunction.  We express no opinion on the merits of Action's request.

   For the foregoing reasons, we hereby **AFFIRM IN PART**, **AND VACATE AND REMAND IN PART**, the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK