17-956
Pistolesi v. Calabrese

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

<u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th of January, two thousand eighteen.

PRESENT:
     DENNIS JACOBS,
     PETER W. HALL,
     CHRISTOPHER F. DRONEY,
        <u>Circuit Judges</u>.

_____

RENATO PISTOLESI, ALLTOW, INC.,
ACTION AUTOMOTIVE COLLISION &
MECHANICAL INC.,
     <u>Plaintiffs-Appellants</u>,

     -v.-                      17-956

CARL CALABRESE, individually,
MARTIN NOVICK, individually,
MATTHEW ALEXANDER, individually,
JENNIFER NIZNIK, individually,
PAUL ITALIANO, individually, ALAN
WEITLICH, individually, JOHN

**VISENTIN, VILLAGE OF WAPPINGERS
FALLS, DENISE CALABRESE,**
        <u>**Defendants-Appellees**</u>**,**

**BRIAN SMITH, individually, JOSH
KEMLAGE, individually, J. ERNS,
individually, SEAN MCNEIL,
individually, M.A. RODRIGUEZ,
individually, RAFAEL TORRES,
individually, P. CAPPARELLI,
individually, MARK LIBERMANN,
individually, MARK KEMLAGE,
individually,**
        <u>**Defendants**</u>**.**

—————————————————————————————————————

**FOR PLAINTIFFS-APPELLANTS:**    MICHAEL H. SUSSMAN, Sussman &
                                 Associates, Goshen, NY.


**FOR DEFENDANTS-APPELLEES:**    MONTGOMERY L. EFFINGER, O'Connor,
                                 McGuinness, Conte, Doyle, Oleson,
                                 Watson & Loftus, LLP, White
                                 Plains, NY.


     Appeal from a judgment of the United States District Court
for the Southern District of New York (Aspen, <u>J.</u>).


     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court is **AFFIRMED**.


     This challenge to the denial of an injunction ordering the
Village of Wappingers Falls ("the Village") to reinstate one
of the plaintiff companies ("Action") to the Village's
rotational tow list returns to us following a remand that
instructed the United States District Court for the Southern
District of New York (Aspen, <u>J.</u>) to "reconsider Action's
request" in light of our disagreement with the court's
conclusion that such an injunction would constitute
impermissible retroactive relief.  <u>Pistolesi v. Calabrese</u>, 666
F. App'x 55, 59 (2d Cir. 2016) (citing <u>Dwyer v. Regan</u>, 777 F.2d
825, 836 (2d Cir. 1985) (holding that reinstatement constitutes
prospective relief)).  Our order of remand "express[ed] no
opinion on the merits of Action's request."  <u>Id.</u>  We assume the

2

parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"[I]f an [entity] claims [that a] federal law immunizes [it] from [a] state regulation, [a federal] court may issue an injunction upon finding the state regulat[ion] [] preempted." Armstrong v. Exceptional Child Ctr., Inc., 135 S. Ct. 1378, 1384 (2015) (citing Ex parte Young, 209 U.S. 123, 155–56 (1908)). However, a court presented with a request for injunctive relief must determine whether--in view of equitable considerations and any applicable statutory limitations--the particular injunction sought "is an appropriate remedy to be granted" in that case. Dwyer, 777 F.2d at 836.

Prior to the remand, Action successfully petitioned the district court for a declaratory judgment that Requirement 4 of the Village's tow-list guidelines was preempted by 49 U.S.C. § 14501(c)(1), and for an injunction barring the Village from enforcing that requirement. See Armstrong, 135 S. Ct. at 1384 ("[I]n a proper case, relief may be given in a court of equity . . . to prevent an injurious act by a [local official]." (first alteration in original) (internal quotation marks omitted)). On remand, the district court denied the additional injunctive relief that Action had requested--reinstatement to the tow list--on the ground that it would not be "an appropriate remedy." Dwyer, 777 F.2d at 836. The court reasoned that Action's request amounted to an attempt to enforce § 14501(c)(1), which does not give rise to a private right of action. See Armstrong, 135 S. Ct. at 1385 (a party "cannot, by invoking [a federal court's] equitable powers, circumvent Congress's exclusion of private enforcement"); see also W. Air Lines, Inc. v. Port Auth. of New York & New Jersey, 817 F.2d 222, 225 (2d Cir. 1987) ("A claim under the Supremacy Clause that a federal law preempts a state regulation is distinct from a claim for enforcement of that federal law.").

We review the district court's denial of the requested injunction for abuse of discretion. See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). We are "free to affirm" the court's conclusion that court-ordered reinstatement would be inappropriate in this case "on any ground

that finds support in the record." Brown Media Corp. v. K&L Gates, LLP, 854 F.3d 150, 160 n.6 (2d Cir. 2017) (quoting Headley v. Tilghman, 53 F.3d 472, 476 (2d Cir. 1995)). We affirm on the ground that Action can point to no "irreparable injury"--traceable to (or likely to result from) the preempted local rule--that warrants reinstatement. eBay, 547 U.S. at 391.

Requirement 4, which barred from admission to the tow list any "applicant[]" operating on the "same premises or real property" as "another Tow Rotation Service," was enacted after Action had already been removed from the tow list. App'x at 97. It was therefore not the cause of Action's removal. Nor was Requirement 4 ever the basis for denying Action admission to the tow list; Action did not apply for admission during the time in which Requirement 4 was in effect, and it has not applied for admission in the nearly three years since Requirement 4 was declared preempted.

To the extent that Action's request for reinstatement is predicated on the belief that it *will be* unlawfully denied admission on the basis of Requirement 4, see Armstrong, 135 S. Ct. at 1384 ("[F]ederal courts may in some circumstances grant injunctive relief against [local officials] who are . . . planning to violate[] federal law."), it has already received the relief to which it is entitled. The Village is enjoined from enforcing Requirement 4. And in the event that the Village violates that injunction, the district court has ample power to enforce it.[1]

Action therefore fails to identify a past or future injury that warrants the additional relief it requests. Accordingly, that relief was properly denied.

---

[1] We note that Action has only pursued this action against the local officials in their individual, rather than official, capacities. Thus, in the event that the Village cites Requirement 4 to prevent Action from re-joining the list and Action seeks to enforce the injunction, the district court should consider whether further injunctive relief would be proper against the local officials in this case.

4

We have considered Action's arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court