16-1315
*Garanin v. New York City Housing Preservation and Development*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

VSEVOLOD GARANIN,

> *Plaintiff-Appellant*,

> v.                                                                          16-1315

NEW YORK CITY HOUSING PRESERVATION AND DEVELOPMENT, CHANEL ZEISEL, individually and in her capacity as Project Manager and Leasing Supervisor at 44th Street Development LLC, DORON TALEPOROS, individually and in his capacity as Deputy Director of Marketing at New York City Housing Preservation and Development,

> *Defendants-Appellees.*

_____

For Plaintiff-Appellant:                          Vsevolod Garanin, pro se, Staten Island, New York

For Defendants-Appellees:       Ellen Sara Ravitch, Scott Nathan Shorr, of counsel, for
                                Zachary W. Carter, Corporation Counsel of the City of New
                                York, New York, New York (for New York City Housing
                                Preservation and Development and Doron Taleporos); Felice
                                B. Ekelman, Adam S. Gross, Jackson Lewis P.C., New York,
                                New York (for Chanel Zeisel)

Appeal from a judgment of the United States District Court for the Southern District of

New York (Nathan, *J*.), entered on March 31, 2016.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Vsevolod Garanin, proceeding pro se, appeals from the district court's

judgment dismissing his 42 U.S.C. § 1983 complaint, which alleged that the

Defendants-Appellees—New York City Housing Preservation and Development ("HPD"), its

employee, and the project manager for a residential real estate company—violated his rights under

the Equal Protection Clause and the First Amendment by denying his application for

middle-income housing based on guidelines that discriminated against self-employed individuals

and in retaliation for certain complaints that he made about the project manager.   We assume the

parties' familiarity with the underlying facts, the procedural history of the case, and the issues on

appeal.

We review de novo a district court's dismissal of a complaint pursuant to Federal Rule of

Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in

the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."   *Chambers*

*Time Warner*, 282 F.3d 147, 152 (2d Cir. 2002).   The complaint must plead "enough facts to

a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

2

(2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as all the factual allegations in the complaint, that requirement is "inapplicable to legal *Iqbal*, 556 U.S. at 678.

Upon review, we conclude that the district court correctly determined that Garanin failed to plausibly allege violations of the Equal Protection Clause. "The Equal Protection Clause requires that the government treat all similarly situated people alike." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001). This clause prohibits both "prototypical" discrimination based on membership in a protected class and "class of one" discrimination where the plaintiff alleges that he has been "intentionally treated differently from others similarly situated" without a "rational basis for the difference in treatment." *Id.* (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). We conclude that Garanin has failed to plausibly allege a "prototypical" equal protection claim because self-employment does not define a protected class. Also, Garanin failed to allege a "class of one" equal protection claim because his complaint contained no references to comparators or any factual allegations addressing "similarity in circumstances and difference in treatment." *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005), *abrogated on other grounds*, *Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008) (per curiam).

We affirm the dismissal of Garanin's remaining claims substantially for the reasons in the district court's well-reasoned and thorough order. The district court correctly dismissed Garanin's claims against Chanel Zeisel for failure to state a claim. A plaintiff must plausibly allege that the defendant is a state actor to state a claim under 42 U.S.C. § 1983. *See Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (per curiam). Zeisel was the project manager of

3

private development company. A "private entity" can be liable for a § 1983 violation if its "challenged actions are fairly attributable to the state." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (internal quotation marks omitted), *cert. denied*, 135 S. Ct. 1703 (2015). But Garanin failed to plausibly allege that Zeisel's alleged retaliation was fairly attributable to state. In addition, Garanin failed to state a claim for municipal liability under § 1983. A complaint asserting municipal liability must plausibly allege that an official policy or custom caused the plaintiff's constitutional rights to be violated. *See Wray v. City of N.Y.*, 490 F. 3d 195 (2d Cir. 2007). "The failure to train or supervise city employees may constitute an official policy or custom if the failure to train amounts to deliberate indifference." *Id.* (internal marks omitted). Deliberate indifference exists when "a policymaking official was aware of constitutional injury" but "failed to take appropriate action to prevent or sanction" the violations. *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012). Garanin failed to plausibly allege a policymaking official's involvement in or knowledge of the alleged retaliatory actions.

We have considered Garanin's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4